**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| SUPERIOR SALES WEST, INC., | Case No. |
| Plaintiff, | |
| v. | |
| JAVIER W. GONZALEZ d/b/a RIO GRANDE FARMS, | |
| Defendant. | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Plaintiff Superior Sales West, Inc. (Superior or Plaintiff), by and through undersigned counsel, as and for its complaint against Defendant Javier W. Gonzalez d/b/a Rio Grande Farms (Gonzalez or Defendant), alleges as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA") and 28 U.S.C. § 1331.

2.      Venue in this district is based on 28 U.S.C. § 1391 in that the Defendant resides or has his principal place of business in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

3.      Plaintiff Superior Sales West, Inc. is a Michigan corporation having a principal place of business in Monterrey, California, engaged in the business of buying and selling wholesale

1

quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4.     Defendant Gonzalez is an individual residing in El Paso, Texas who at all relevant times was engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was subject to licensure under the provisions of PACA as a dealer.  Defendant does business as Rio Grande Farms, and according to the assumed name certificate on file with the El Paso, Texas County Clerk, resides at 8305 Cielo Visa Drive, El Paso, Texas, 79925.

5.     At all relevant times, Gonzalez was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

6.     This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

7.     Between September 20, 2019 and October 25, 2019, Plaintiff sold and delivered to Defendant wholesale quantities of produce that had been shipped in interstate commerce, or in contemplation thereof, having an agreed upon value of $2,719,349.05.

8.     Defendant failed to pay for the goods when payment was due, despite repeated demands, and presently owes Plaintiff the principal amount of $2,682,066.50.

9.     At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured with such funds, in the possession or control of Defendant since the creation of the trust.

10.     Plaintiff preserved its interest in the PACA trust by issuing invoices to Defendant for each transaction which contain the statutory language required by 7 U.S.C. § 499e(c)(4).  Plaintiff remains a beneficiary of the PACA trust until full payment is made for the produce.

11.     Defendant's failure, refusal, and inability to pay Plaintiff demonstrates that Gonzalez is failing to maintain sufficient assets in the statutory trust to pay Plaintiff and is dissipating trust assets.

## FIRST CAUSE OF ACTION
(Injunctive Relief)

12.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13.     Defendant's failure to make payment to Plaintiff of trust funds from the statutory trust in the amount of $2,682,066.50 is a violation of PACA and PACA regulations and is unlawful.

14.     Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendant, enjoining and restraining him and his agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

## SECOND CAUSE OF ACTION
(Failure to Make Prompt Payment of Trust Funds)

15.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16.     Defendant received each of the produce shipments on which this action is based.

17.     Defendant is required to promptly tender to Plaintiff full payment for those shipments pursuant to PACA.

18.     Defendant failed and refused to pay for the produce supplied by Plaintiff within the period required by 7 C.F.R. § 46.2(aa)(5).

19.     As a direct and proximate result of Defendant's failure to pay promptly, Plaintiff has incurred damages in the amount of $2,682,066.50, plus interest from the date each invoice became past due, costs and attorneys' fees.

### THIRD CAUSE OF ACTION
(Failure to Pay For Goods Sold)

20.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

21.     Defendant failed and refused to pay Plaintiff the principal amount of $2,682,066.50 owed to Plaintiff for goods received by Defendant from Plaintiff.

22.     As a direct and proximate result of the failure of the Defendant to pay promptly, Plaintiff has incurred damages in the amount of $2,682,066.50, plus interest, costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
(Breach of Contract)

23.     Plaintiff incorporates each and every allegation set forth in paragraph 1 to 22 above as if fully set forth herein.

24.     Defendant received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

25.     Plaintiff's invoices to Defendant constitute valid and enforceable agreements between the Parties.

26.     Defendant breached the terms of the invoices by failing to timely remit payment for the goods it received from Plaintiff.

4

27.    Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under the invoices.

28.    As a proximate result of the breach of contract by Defendant, Plaintiff suffered damages in the amount of $2,682,066.50, plus interest from the date each invoice became past due, costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
(Theft of Property Pursuant to Texas Civ. Prac. and Rem. Code § 134.005[a])

29.    Plaintiff incorporates each and every allegation set forth in paragraph 1 to 28 above as if fully set forth herein.

30.    Defendant's conduct also constitutes a violation of the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code §134.001 et seq.

31.    Defendant unlawfully appropriated produce delivered to Defendant by Plaintiff in that Defendant received the produce without the means to make full payment for the produce.

32.    Defendant unlawfully appropriated produce delivered to Defendant by Plaintiff in that Defendant received the produce with the intention of permanently depriving Plaintiff of the produce without remitting payment to Plaintiff.

33.    Defendant misappropriated[1] and deprived Plaintiff of its property[2], by (1) stealing, *i.e.* acquiring the property by theft [Texas Penal Code §31.01(7)]; (2) deception, *i.e.* selling or otherwise transferring or encumbering property without disclosing a lien, security interest, adverse claim, or other legal impediment to the enjoyment of the property [Texas Penal Code

---

[1] "Appropriate" means (A) to bring about a transfer of purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or (B) to acquire or otherwise exercise control over property other than real property.

[2] Property includes (A) real property; (B) tangible or intangible personal property including anything severed from land; or (C) a document, including money, that represents or embodies anything of value. Texas Penal Code §31.01(5).

§31.01(1)(D)]; (3) withholding property from the Plaintiff permanently or for so extended a period of time that a major portion of the value or enjoyment of the property was lost to the Intervenors [Texas Penal Code §31.01(2)(A)]; and/or (4) disposing of property in a manner that makes recovery of the property by the Plaintiff unlikely [Texas Penal Code §31.01(2)(C)].

34.     Defendant committed the offense of theft/embezzlement by unlawfully appropriating property with the intent to deprive the Plaintiff of its property without Plaintiff's effective consent.

35.     Defendant committed the offense of theft/embezzlement intentionally, knowingly, or recklessly.

36.     Defendant's theft constitutes a felony under Texas law. As a result, Defendant is liable to the Intervenors for actual damages and punitive damages.

37.     Because the Defendant's conduct was committed knowingly or intentionally based on conduct described as a felony in section 31.01 of the Texas Penal Code, the limitation of recovery on punitive damages as set forth in Tex. Civ. Prac. & Rem. Code §41.008, *i.e. the cap*, does not apply.

38.     Defendant is also entitled to reasonable attorney's fees and costs under the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code § 134.0053:

39.     Defendant's wrongful conduct caused Plaintiff to sustain the damages, which it seeks to recover by virtue of this action.

40.     As a proximate result of Defendant's theft of property, Plaintiff suffered damages in the amount of $2,682,066.50, plus interest, costs and attorneys' fees.

---

[3] Each person who prevails in a suit under this chapter **shall** be awarded court costs and reasonable and necessary attorney's fees. Tex. Civ. Prac. & Rem. Code § 134.005 (b).

## SIXTH CAUSE OF ACTION
(Interest, Costs and Attorneys' Fees)

41.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 38 above as if fully set forth herein.

42.     PACA and Plaintiff's invoices entitle Plaintiff to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendant.

43.     Plaintiff served written demand on Defendant for payment of the claims set forth herein more than thirty days before filing this action.

44.     As a result of Defendant's continued failure to make full payment promptly in the amount of $2,682,066.50, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendant to comply with his contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

45.     Plaintiff seeks reimbursement for its reasonable and necessary attorneys' fees and costs expended in the prosecution of this action pursuant to Chapters 38 and 134 of the Texas Civil Practice and Remedies Code.

        WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court to Plaintiff the following relief:

A.      On the first cause of action, preliminary and permanent injunction enjoining and restraining Defendant and its agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties;

B.      On the second cause of action, judgment in favor of Plaintiff and against Defendant in the amount of $2,682,066.50 under the trust provisions of PACA;

C.      On the third cause of action, judgment in favor of Plaintiff and against Defendant in the amount of $2,682,066.50;

7

D.      On the fourth cause of action, judgment in favor of Plaintiff and against Defendant in the amount of $2,682,066.50;

E.      On the fifth cause of action, judgment in favor of Plaintiff and against Defendant in the amount of $2,682,066.50, plus additional statutory damages, costs and reasonable and necessary attorneys' fees pursuant to Texas Civil Practice and Remedies Code § 134.005(a);

F.      On the sixth cause of action, judgment in favor of Plaintiff and against Defendant for pre-judgment interest, costs and reasonable and necessary attorneys' fees pursuant to Chapters 38 and 134 of the Texas Civil Practice and Remedies Code; and

G.      Such other and further relief, general and special, legal and equitable, to which the Plaintiff may be justly entitled.

Dated: November 14, 2019

Respectfully submitted,

Dickinson Wright PLLC
221 North Kansas Street, Suite 2000
El Paso, Texas 79901
Tel: (915) 541-9322
Fax: (844) 670-6009

By:    */s/ Mark C. Walker*
        Mark C. Walker
        Texas State Bar No. 20717320
        mwalker@dickinson-wright.com
        Mario Franke
        Texas State Bar No. 24074225
        mfranke@dickinson-wright.com

        - and -
        Gregory A. Brown
        McCARRON & DIESS
        *Pro Hac Vice* Pending (NY State Bar No. 4366498)
        576 Broadhollow Road, Suite 105
        Melville, New York 11747
        Tel: (631) 425-8110

8

Fax: (202) 364-2731
gbrown@mccarronlaw.com
*Attorneys for Plaintiff*

9